UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARILYN PRESTON-KILLINGHAM )
    Plaintiff, )
  v. )  Case No. 1:06cv00074-ESH
WASHINGTON METROPOLITAN AREA )  Next Event: April 18, 2006
TRANSIT AUTHORITY )  Initial Scheduling Conference 2 p.m.
    Defendant. )

### STATEMENT OF THE CASE, STATUTORY BASIS AND SEPARATE STATEMENT IN LIEU OF JOINT 16.3(c) REPORT

The parties (pro se, in forma pauperis Plaintiff Marilyn Preston-Killingham and Defendant Washington Metropolitan Area Transit Authority) conferred by telephone from the hospital on March 17, 2006 and met in the WMATA OFFICE IN PERSON ON March 31, 2006. Neither Joint Report draft accurately reflected what was discussed. Please see attached FAX cover sheet from 5:06 p.m. on April 17, 2006 (DST in Eastern Time Zone).

*Marilyn Preston-Killingham*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Separate Statement in lieu of Joint 16:3 (c) Report was/will be hand delivered this 18th day of April, 2006 to:

  Attorney Gerard Stief
  Associate General Counsel-WMATA
  600 Fifth Street, NW
  Washington, DC 20001

*Marilyn Preston-Killingham*
Marilyn Preston-Killingham



Washington Metropolitan Area Transit Authority
600 Fifth Street, N.W., Washington, D.C. 20001



## FACSIMILE TRANSMISSION COVER SHEET

DATE: 4/17/06

TO: ~~[TO]~~ MS. PRESTON-KILLINGHAM

TEL. NO.: [TELE #]

FAX NO.: ~~[FAX #]~~ 202-484-1976

FROM: ~~[FROM]~~ GERRY STIEF

TEL. NO.: (202) 962-~~[EXT]~~ 1463

FAX NO.: (202) 962-2550

NUMBER OF PAGES (INCLUDING THIS COVER): 7 [PAGES]

PLEASE CONFIRM UPON RECEIPT
NAME: ~~Tanya M. Price~~ GERRY STIEF
PHONE: 202-962-~~6092~~ 1463

COMMENTS: Please advise if OK to file.

THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE NAMED RECIPIENT, OR THE AGENT RESPONSIBLE TO DELIVER IT TO THE NAMED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR OTHER USE OF THIS INFORMATION COMMUNICATION IS STRICTLY PROHIBITED AND NO PRIVILEGE IS WAIVED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE ABOVE-NAMED INDIVIDUAL IMMEDIATELY, COLLECT IF NECESSARY.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN PRESTON-KILLINGHAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06cv00074-ESH |
| v. ) | Next Event: April 18, 2006 |
| ) | Scheduling Conference @2:00 p.m. |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| ) | |
| Defendant. ) | |

### JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3

The pro se Plaintiff and Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby submit their Joint Rule 16.3 Report. The parties conferred by telephone on March 17, 2006 and met in person on March 31, 2006.

#### Statements of the Case

**Plaintiff's Claims:** This personal injury case (28 USC 1331) began on Christmas Day, 2003, when Plaintiff, in her automatic wheelchair, and her attendant were exiting the Red Line train to get the Green Line train at Gallery Place and the doors of the Metrotrain clamped tightly on Plaintiff and her Lark causing passengers inside the subway car and passengers on the platform to scream, push, pull, and cry as Plaintiff twisted and turned in an attempt to dislodge the wheelchair. Even though identified as an "Injured Person" on the Metro Transit Police Department's event report, and offered an ambulance, Plaintiff expressed her thankfulness for release from the train doors, wrote the report and rode no ambulance to the Hospital on

Christmas Day; however, a couple of days later, more hurt than my left wrist; my entire body was stiff and sore - - especially my shoulders, neck, back, and arms.

**Defendant's Defenses**:  Defendant denies all allegations of negligence and contends that it is immune from claims involving governmental functions, including design. See §§ 80 and 81 of the WMATA Compact, reprinted at D.C. Code § 9-1107.01(80) and (81).

1. **Dispositive Motions**. Plaintiff anticipates a stay of discovery until after mediation. Defendant anticipates the filing of a dispositive motion after discovery.

2. **Joinder of Parties/Amended Pleadings**. The parties do not anticipate the need to join any additional parties or amend the pleadings. To the extent that the need should arise, all such joinder and amendments shall be completed by June 30, 2006.

3. **Magistrate Judge**. Plaintiff consents to having the case assigned to a Magistrate Judge. Defendant does not consent to having the case assigned to a Magistrate Judge.

4. **Settlement**. The parties believe that there is a realistic possibility of settlement at this time, and that early mediation would be beneficial.

5. **ADR**. Early mediation would be beneficial.

6. **Dispositive Motions**. See No. 1. Defendant suggests a dispositive motions deadline of 45 days after the discovery deadline if mediation/ADR fail.

7. **Initial Disclosures**. The parties believe that initial disclosures should be

2

made by May 26, 2006 in preparation for mediation.

8. <u>Discovery</u>. The parties suggest that the court allow approximately 180 days after mediation for completion of discovery.

9. <u>Experts</u>. The parties reserve the right, if necessary, to utilize experts and information and suggest that Plaintiff's designation be made within 45 days of the conclusion of the mediation process and Defendant's designation within 30 days thereafter.

10. <u>Class Actions</u>. Not applicable.

11. <u>Bifurcation</u>. Plaintiff believes that there may be a need for bifurcation of liability and damages. Defendant opposes bifurcation.

12. <u>Pretrial Conference</u>. Plaintiff requests that a pretrial conference date be set at the initial scheduling conference. Defendant requests that the date be set after the completion of discovery.

13. <u>Trial Date</u>. Plaintiff requests that a trial date be set at the initial scheduling conference. Defendant requests that a trial date be set after the completion of discovery.

14. <u>Other Matters</u>. None.

/s/
Marilyn Preston-Killingham
1100 Sixth Street, SW
Washington, DC 20024
(202) 484-1976
Plaintiff

/s/
Gerard J. Stief #925933
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1463
Attorney for Defendant WMATA

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Report Pursuant to Local Civil Rule 16.3 was ~~mailed first class, postage prepaid,~~ hand delivered this 18th day of April, 2006 to:

Marilyn Preston-Killingham
1100 Sixth Street, SW
Washington, DC 20024

/s/
Gerard J. Stief

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARILYN PRESTON-KILLINGHAM )
)
      Plaintiff, )
)
v. )
) Case No. 1:06CV00074-ESH
WASHINGTON METROPOLITAN )
AREA TRANSIT AUTHORITY )
)
      Defendant. )

## SCHEDULING ORDER

Upon consideration of the parties' Joint Rule 16.3 Report, it is by the Court this ____ day of _____, 2006 ORDERED that:

1. Any joinder of additional parties or amendment of pleadings be made by June 30, 2006.

2. All discovery be completed within 180 days after mediation/ADR.

3. Dispositive motions be filed within 45 days after the completion of discovery.

4. The Court will set a date for the pretrial conference _____.

5. A trial date will be set _____.

_____
United States District Judge

Copies to:

Marilyn Preston-Killingham
1100 Sixth Street, SW
Washington, DC 20024
Plaintiff

Gerard J. Stief
Associate General Counsel--WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001
Attorney for Defendant WMATA