## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN PRESTON KILLINGHAM,<br><br>        Plaintiff,<br><br>        v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, f/k/a<br>WMATA,<br><br>        Defendant. | Civil Action No. 1:06-CV-00074 (AK)<br><br>Magistrate Judge Alan Kay<br><br>**JURY TRIAL DEMANDED** |

### JOINT STATEMENT

Pursuant to LCvR 16.3 and Fed. R. Civ. P. 26(f) and 26(f)(1), counsel for Plaintiff, Marilyn Preston-Killingham, and counsel for Defendant Washington Metropolitan Area Transit Authority ("WMATA"), submit the following joint statement.

### Statement of the Case

This case arises from personal and emotional injuries Plaintiff alleges she sustained while attempting to exit a Red Line train in her wheelchair at the Gallery Place Metro station on Christmas Day, 2003. Plaintiff alleges that while trying to exit the Metrorail car that day, the Metrorail car doors — without warning — closed and pinned Plaintiff in her wheelchair between the Metrorail car doors. Plaintiff alleges that her left wrist was pinned between the subway car door and her wheelchair. Despite the efforts of other passengers and her traveling companion to free her from the Metrorail car doors, Plaintiff alleges that she was unable to free herself from the doors, and remained trapped for some time with the front portion of her motorized wheelchair on the platform and the remaining portion in the subway car. Plaintiff alleges that at

no time until after she was trapped by the Metrorail car doors did she hear the familiar "doors closing" chime signaling that the Metrorail operator intended to close the doors and at no time during the incident did Metro system personnel come to Plaintiff's aid.

Plaintiff alleges that WMATA owed her the highest degree of care, *Wash. Metro. Area Transit Auth. v. Jeanty*, 718 A.2d 172, 175-76 (D.C. 1998), and had a specific duty to use such care in "provid[ing] safe and convenient means of entering and leaving" transit vehicles. *Schaller v. Capital Transit Co.*, 239 F.2d 73, 74 (D.C. Cir. 1956). Plaintiff alleges that WMATA breached its duty to Plaintiff in one or more of the following ways: (1) by the Metrorail operator's lack of care in closing the subway car doors as Plaintiff exited and failure to promptly release the subway car doors after Plaintiff was trapped, (2) by allowing an apparent operational malfunction of the warning chimes and the sliding door system, and (3) the negligent supervision of its employees.

Plaintiff's claims arise under the common law of the District of Columbia and D.C. Code Ann. § 9-1107.01(80). This Court has jurisdiction over Plaintiff's claims pursuant to D.C. Code Ann. § 9-1107.01(81) and 28 U.S.C. § 1331.

Defendant denies all allegations of negligence and contends that it is immune from claims involving governmental functions, including design. *See* §§ 80 and 81 of the WMATA Compact, reprinted at D.C. Code § 9-1107.01(80) and (81). Alternatively, Defendant contends that Plaintiff was contributorily negligent and/or assumed the risk by getting her wheelchair caught in the closing doors.

## LCvR 16.3 Scheduling Statement

(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Plaintiff does not believe that the case is likely to be disposed of by dispositive motion.

WMATA anticipates filing a dispositive motion after the completion of discovery.

(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The pleadings may be amended and all necessary parties joined by January 16, 2007.

The parties have conferred and concluded that the factual and legal issues cannot be agreed upon or narrowed at this time.

(3)     Whether the case should be assigned to a magistrate judge for all purposes, including trial.

This case was already referred to Magistrate Judge Alan Kay for all purposes on April 18, 2006.

(4)     Whether there is a realistic possibility of settling the case.

The parties have already explored settlement through Court ordered mediation. Mediation was unsuccessful and the parties do not believe that there is a realistic possibility of settling the case at this time.

(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i)     the client's goals in bringing or defending the litigation;

(ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:

    (a)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

    (b)    whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

The parties have already engaged in efforts to settle this matter through the Court's alternative dispute resolution procedures. Those efforts were unsuccessful and the parties do not believe that this case would benefit from additional alternative dispute resolution procedures at this time.

(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Plaintiff does not believe that this case can be resolved by summary judgment or a motion to dismiss. WMATA anticipates filing a motion for summary judgment after the completion of discovery. The parties propose the following schedule for the filing of dispositive motions:

(a)    <u>Motion to dismiss.</u>    Defendant's motion to dismiss, if any, Plaintiff's Amended Complaint shall be filed within 20 days of Plaintiff's filing of an Amended Complaint. Plaintiff's opposition and Defendant's reply shall be filed in the time specified under the Local Rules.

4

(b)     <u>Summary Judgment.</u>  Motions for summary judgment shall be filed no later than July 16, 2007.  Oppositions to any motion for summary judgment shall be filed no later than 14 days after the opening motion and replies 7 days thereafter.

(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties do not stipulate to dispense with the initial disclosures required by Rule 26(a)(1).  The parties do not believe that changes in the scope or form of those disclosures are necessary.  The parties agree to exchange initial disclosures no later than January 31, 2007.

(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties propose that all discovery (fact and expert) close on June 15, 2007.  The parties anticipate that 5-10 depositions (in total) will be necessary and do not propose any limits on discovery beyond those specified in the Federal Rules of Civil Procedure.

Plaintiff submits that a protective order may be necessary and appropriate in order to protect from discovery personal medical records of the Plaintiff that have no bearing on this litigation.  WMATA does not believe such a protective order is necessary or appropriate.

(9)     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.

The parties propose that Plaintiff's expert report(s) be served no later than April 16, 2007, and Defendant's expert report(s) no later than May 16, 2007.  Depositions of all experts shall be completed by June 15, 2007.

(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties do not believe that bifurcation is warranted for either trial or discovery.

(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Plaintiff proposes that the pretrial conference be set by the Court at the initial scheduling conference.  Defendant requests that the date be set after the completion of discovery.

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

Plaintiff requests that a trial date be set at the initial scheduling conference.  Defendant requests that a trial date be set after the pretrial conference.

(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

The parties propose that motions in *limine* be submitted no later than 30 days prior to the Court's scheduled trial date.

Respectfully submitted,


_____/s/_____          ____/s/_____
Patrick M. Bryan (DDC Bar No. 490177)    Gerard J. Stief (DDC Bar. No. 925933)
KIRKLAND & ELLIS LLP                     Associate General Counsel
655 Fifteenth Street, N.W.               Washington Area Metropolitan Transit
Washington, D.C. 20005                   Authority
Telephone: (202) 879-5000                600 Fifth Street, N.W.

6

Facsimile: (202) 879-5200

*Attorneys for Plaintiff Marilyn Preston-Killingham*

Washington, DC 20001
Telephone: (202) 962-1463
Facsimile: (202) 962-2550

*Attorney for Defendant Washington Area Metropolitan Transit Authority*

Dated: January 4, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Statement and attached Proposed Order

was served on the following via email (.pdf attachment) and U.S. mail on January 4, 2007:

Gerard J. Stief
Associate General Counsel
Washington Area Metropolitan Transit Authority
600 Fifth Street, N.W.
Washington, DC 20001
Telephone: (202) 962-1463
Facsimile: (202) 962-2550

_____/s/_____
Patrick M. Bryan