UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARILYN PRESTON- KILLINGHAM )
)
      Plaintiff, )
)
      v. ) Case No. 1:06CV00074- AK
)
WASHINGTON METROPOLITAN )
 AREA TRANSIT AUTHORITY )
)
      Defendant. )

### DEFENDANT WMATA'S ANSWER TO
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby states its Answer to Plaintiff's Amended Complaint.

### Responses to Paragraphs in Amended Complaint

1. Denied

2. Admitted.

3. Denied for lack of information and belief.

4. Denied for lack of information and belief.

5. Denied for lack of information and belief.

6. Admitted.

7. With respect to Paragraph 7, WMATA admits that it operates the Metrorail and Metrobus systems in the Washington, D.C. metropolitan area and contracts with an independent contractor with respect to the Metro Access program.

8. Paragraph 8 constitutes a legal conclusion to which no response is

necessary.

9. With respect to Paragraph 9, WMATA admits only that it operates the Metrorail system, and denies any other allegations.

10. Admitted.

11. Admitted.

12. Denied for lack of information and belief.

13. Denied.

14. Denied.

15. Denied for lack of information and belief.

16. Denied for lack of information and belief.

17. Denied for lack of information and belief.

18. Denied for lack of information and belief.

19. Denied for lack of information and belief.

20. Denied for lack of information and belief.

21. Denied for lack of information and belief.

22. Denied for lack of information and belief.

23. Denied for lack of information and belief.  By way of further answer, WMATA admits only that Plaintiff spoke with Officer Loney who filled out the Event Report attached to Plaintiff's First Amended Complaint.

24. Denied for lack of information and belief.

25. Denied for lack of information and belief.

26. Denied.

27. Denied.

## COUNT I

28. WMATA incorporates by reference Answer Nos. 1-27, supra.

29. Paragraph 29 constitutes a legal conclusion to which no response is necessary.

30. Paragraph 30 constitutes a legal conclusion to which no response is necessary.

31. Admitted.

32. Admitted.

33. Paragraph 33 constitutes a legal conclusion to which no response is necessary.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Paragraph 39 constitutes a legal conclusion to which no response is necessary. To the extent any response is deemed necessary, the allegations are denied.

40. Paragraph 40 constitutes a legal conclusion to which no response is necessary.

41. Denied.

## COUNT II

42. WMATA incorporates by reference Answer Nos. 1-41, supra.

43. Paragraph 43 constitutes a legal conclusion to which no response is necessary.

44. Denied.

45. Denied.

46. With respect to Paragraph 46, WMATA admits only that audible warning devices generally precede the closing of the Metrorail train doors, and denies all other allegations and inferences.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Paragraph 29 constitutes a legal conclusion to which no response is necessary.

52. Denied.

## COUNTS III and IV

Plaintiff has voluntarily dismissed Counts III and IV (Paragraph Nos. 53-68).

## COUNT V

69. WMATA incorporates by reference Answer Nos. 1-52, supra.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

Furthering answering the Complaint, WMATA denies all allegations not specifically admitted or otherwise answered.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be based.

### Second Affirmative Defense

Plaintiff's claims are barred by contributory negligence and/or assumption of the risk.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by WMATA's sovereign/governmental immunity and § 80 of the WMATA Compact.

### Fourth Affirmative Defense

Should discovery provide a basis, WMATA reserves the right to argue that Plaintiff's claims are barred by the statute of limitations.

### Fifth Affirmative Defense

Attorneys' fees are not recoverable in this case as a matter of law.

WHEREFORE, having fully answered the First Amended Complaint, Defendant WMATA respectfully requests that this matter be dismissed and that WMATA be awarded the costs of responding to this lawsuit.

Respectfully submitted,

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY**

Carol B. O'Keeffe #445227
General Counsel

_____/s/_____
Mark F. Sullivan #430876
Deputy General Counsel

_____/s/_____
Gerard J. Stief #925933
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1463

Attorneys for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendant WMATA's Answer to Plaintiff's First Amended** was transmitted electronically and mailed first class, postage prepaid, this 29th day of January, 2007 to:

Patrick M. Bryan, Esquire
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005

_____/s/_____
Gerard J. Stief