# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN PRESTON-KILLINGHAM, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, a/k/a WMATA, <br><br> Defendant. | Civil Action No. 1:06-CV-00074 (AK) <br><br> Magistrate Judge Alan Kay |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, Marilyn Preston-Killingham ("Plaintiff"), through undersigned counsel, hereby submits this first set of Interrogatories to Defendant Washington Metropolitan Area Transit Authority ("WMATA" or "Defendant"). In accordance with Fed. R. Civ. P. 33, Defendant shall submit responses to the following Interrogatories within thirty (30) days. Each Interrogatory is subject to the Definitions and Instructions set forth below.

**DEFINITIONS AND INSTRUCTIONS**

1. In answering these Interrogatories, furnish all information, however obtained, including hearsay, that is available to Defendant, including information in the actual or constructive possession of Defendant, its attorneys, investigators, experts, and anyone else acting on Defendant's behalf. In answering these Interrogatories, furnish all knowledge and

information available to you or subject to your reasonable inquiry, access, or control, including, but not limited to, all knowledge and information available to your counsel in this case.

2. "You" and "your" mean WMATA, its employees, officers, directors, agents, and representatives, both individually and collectively.

3. "Document" is used in the broadest possible sense and means, without limitation, any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, or translated, if necessary, by WMATA into reasonably usable form. "Document" thus means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, and electronically stored information such as electronic mail/messages and/or "e-mail," instant messaging, tapes, disks, information stored or maintained by electronic data processing or word processing equipment, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, magnetic tapes, and any preliminary versions, as well as drafts or revisions, of any of the foregoing, whether produced or authored by Defendant WMATA or anyone else.

4. "Relating to" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting, in connection with, dealing, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reflecting, reporting, stating, or summarizing.

5. "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral, written, or electronically stored information between one or more persons or entities.

6. "Describe," "state," and "set forth" mean to indicate fully and unambiguously each relevant fact of which you have knowledge.

7. "Identify," when used with reference to a natural person, means to state his or her full name, current or last known address and telephone number, and current or last known job title or business affiliation.

8. "Identify," when used with respect to any other entity, means to state its full name and its address or its principal place of business.

9. "Identify," when used with respect to a document or other material or information, means either to produce such document or other material or information, or to state (a) the name or title of the document; (b) the type of document (e.g., letter, memorandum, telegram, computer input or output, chart, minutes, etc.); (c) its date; (d) the full name and title of the person(s) who prepared the document; (e) the full name and title of the person(s) who signed the document; (f) the full name and title of the person(s) to whom the document was addressed; (g) the full name and title of the person(s) to whom the document was sent; (h) the full name and title of the person(s) who received the document; (i) the number of pages of the document; (j) its current location; and (k) its current custodian(s).

3

10.   "Litigation" refers to the above-captioned case.

11.   If you cannot answer all or part of an Interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder; stating whatever information or knowledge you have concerning the unanswered portion; and detailing what you did in attempting to secure the unknown information.

12.   If any privilege is claimed as a ground for not answering an Interrogatory, describe the basis for the claim of privilege and all information necessary for Plaintiff and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5)(A).

13.   Whenever necessary to bring within the scope of an Interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

   (i)    Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Interrogatory more inclusive;

   (ii)   Construing the singular form of any word to include the plural and the plural form to include the singular;

   (iii)  Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

   (iv)   Construing the masculine form to include the feminine form;

   (v)    Construing the term "Date" to mean the exact day, month, and year, if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters; and,

   (vi)   Construing negative terms to include the positive and vice versa.

14.   These Interrogatories are continuing in nature, up to and during the course of trial. Information or data sought by these Interrogatories that you obtain after you serve your answers

must be produced to counsel for Plaintiff by supplementary answers or productions pursuant to Federal Rule of Civil Procedure 26(e).

15. The relevant time period for these Interrogatories is from January 1, 2002 to the present, unless otherwise stated.

16. If you chose to answer any interrogatory by reference to business records pursuant to Fed. R. Civ. P. 33(d), identify each individual business record by bates number (or similar document identification number) and describe fully and unambiguously each relevant fact that is obtainable from each business record so identified.

## INTERROGATORIES

1. Describe in detail the basis for your contention that Plaintiff's claims are barred in whole or in part by WMATA's sovereign / governmental immunity and Section 80 of the WMATA Compact.

**ANSWER:**


2. Describe in detail the basis for your contention that Plaintiff was contributorily negligent and/or assumed the risk of injury.

**ANSWER:**


3. Describe in detail the proper procedure a Metrorail train car operator must follow in closing Metrorail car doors, including any safety guidelines or precautions an operator is expected to observe or follow before closing Metrorail car doors.

**ANSWER:**

4.  Describe in detail any safety devices or mechanisms designed or intended to alert a Metrorail train operator to an obstruction preventing the proper closure of Metrorail car doors and the procedures to be followed by Metrorail car operator in order to ensure any such obstruction has been cleared.

**ANSWER:**


Dated: January 29, 2007

Respectfully submitted,

_/s/ Patrick M. Bryan_

Patrick M. Bryan (D.C. Bar No. 490177)
Eunnice H. Eun (D.C. Bar No. 500203)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5212
Facsimile: (202) 879-5200

*Attorneys for Plaintiff Marilyn Preston-Killingham*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's First Set of Interrogatories to Defendant Washington Metropolitan Area Transit Authority was served on the following via U.S. mail on this the 29th day of January 2007:

Gerard J. Stief
Associate General Counsel
Washington Area Metropolitan Transit Authority
600 Fifth Street, N.W.
Washington, DC 20001
Telephone: (202) 962-1463
Facsimile: (202) 962-2550

_____
Patrick M. Bryan