# Exhibit D

Case 1:06-cv-00074-AK   Document 29-5   Filed 05/16/2007   Page 1 of 15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN PRESTON-KILLINGHAM )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>  AREA TRANSIT AUTHORITY )<br>)<br>Defendant. ) | Case No. 1:06CV00074-AK |

**DEFENDANT WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY(WMATA'S) RESPONSE
TO PLAINTIFF'S REQUEST FOR PRODUCTION**

1. All surveillance recordings from the Gallery Place Metro station for the date of December 25, 2003, including but not limited to video recordings, audio recordings, and photographs.

**RESPONSE:**

WMATA is not aware of the existence any surveillance recordings from the Gallery Place Metro station for the date of December 25, 2003.

2. Documents sufficient to identify the Metrorail train and Metrorail car at issue in this litigation.

**RESPONSE:**

See the attached Train Interval Sheet and the Transit Police Event Report.

3. All maintenance, inspection, and repair records for the Metrorail train and Metrorail car at issue in this litigation.

**RESPONSE:**

WMATA has requested maintenance records for Train No. 102 from storage and will supplement this response for a reasonable period before and after the incident in issue when they are received.

4. Documents sufficient to identify the operator or operators of the Metrorail train at issue in this litigation.

**RESPONSE:**

See the attached Train Interval Sheet.

5. All personnel records (excluding records relating to health insurance, compensation, retirement benefits, or similar benefits provided by WMATA to all employees), for the operator or operators of the Metrorail train at issue in this litigation, including all documents relating to complaints or instances of disciplinary action.

**RESPONSE:**

WMATA objects to Request No. 5 on the grounds that it seeks confidential information related to an employee and also to the extent it may seek information protected by WMATA's self-evaluative privilege. In addition, it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

6. Documents sufficient to identify each Metrorail train or Metrorail car operating on the Shady Grove Red Line at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight.

**RESPONSE:**

<u>See</u> the attached Train Interval Sheet. WMATA objects on grounds of overbreadth and burdensomeness to the extent this request seeks information unrelated to the time of the alleged incident. <u>See</u> the Transit Police Event Report.

7. All maintenance, inspection, and repair records for each Metrorail train and Metrorail car operating on the Shady Grove Red Line at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight.

**RESPONSE**:

<u>See</u> Response Nos. 3 and 6, <u>supra</u>.

8. Documents sufficient to identify the operators of each Metrorail train operating on the Shady Grove Red Line at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight, as well as any employees on duty at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight.

**RESPONSE**:

<u>See</u> the attached Train Interval Sheet and Response to Request No. 6.

9. All personnel records (excluding personnel records relating to health insurance, compensation, retirement benefits, or similar benefits provided by WMATA to all employees), for each operator of a Metrorail train operating on the Shady Grove Red Line at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight, including all documents relating to complaints or instances of disciplinary action.

**RESPONSE:**

See Response Nos. 5 and 6.

10. Documents sufficient to identify all WMATA employees who were on duty or otherwise present at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight.

**RESPONSE:**

WMATA objects to Request No. 10 on the grounds that the information requested is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, WMATA states that Transit Police Officer A.M. Looney, Badge No. 466, was on duty and responded to Plaintiff's reported incident. WMATA is attempting to establish the identity of the station managers on duty, and will supplement this response. See the attached Train Interval Sheet.

11. Documents sufficient to show the procedures for handling Metrorail rider complaints, including the procedures for processing, filing, and maintaining records of "comment cards" submitted to WMATA employees by Metrorail passengers.

**RESPONSE:**

See the attached excerpt from the Metrorail Safety Rules and Procedures Handbook.

12. Documents sufficient to show WMATA's substance abuse policy, in particular, any substance abuse policy applicable to covering Metrorail train operators.

**RESPONSE:**

<u>See</u> the attached P/I regarding substance abuse policy.

13. All documents relating to any violation of WMATA's substance abuse policy by the operator or operators of the Metrorail train at issue in this litigation.

**RESPONSE:**

WMATA objects to Request No. 13 on the grounds that the information requested is overly broad, unduly burdensome, not limited in time, invasive of employee confidentiality and applicable law, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, WMATA is unaware of any such violation related in any way to the instant case.

14. All documents relating to any violation of WMATA's substance abuse policy by any Metrorail train operator who operated a train operating on the Shady Grove Red Line at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight. For purposes of clarity, the relevant time period for this request is from January 1, 2002 to the present.

**RESPONSE:**

<u>See</u> Response No. 13.

15. All documents relating to any violation of WMATA's substance abuse policy by any WMATA employee with responsibilities relating to the maintenance, inspection, or repair of the Metrorail train at issue in this litigation.

**RESPONSE:**

See Response No. 13.

16. All documents relating to any violation of WMATA's substance abuse policy by any WMATA employee with responsibilities relating to the maintenance, inspection, or repair of any train operating on the Shady Grove Red Line at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight. For purposes of clarity, the relevant time period for this request is from January 1, 2002 to the present.

**RESPONSE:**

See Response No. 13.

17. Documents sufficient to show the proper procedures to investigate, review, evaluate, process, or examine complaints or claims of physical injury to or property loss by Metrorail passengers.

**RESPONSE:**

WMATA objects to Request No. 17 on the grounds that the information requested is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, WMATA objects on the grounds that it seeks information protected under the attorney-client privilege and work product doctrine. Finally, it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

18. Documents sufficient to show the number of complaints relating to physical injuries or the loss of property arising from any incident in which the doors of any

6

Metrorail train closed on any person.

**RESPONSE:**

WMATA objects to Request No. 18 on the grounds that it is overly broad, irrelevant, burdensome, and not limited in time. Furthermore, it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

19. All documents relating to personal injuries sustained by Metrorail riders arising from the operation or malfunction of Metrorail car doors and "doors closing" warning chimes.

**RESPONSE:**

See Response No. 18.

20. All documents relating to any training or instruction that Metrorail train operators receive regarding the safe operation of Metrorail train doors and "doors closing" warning chimes.

**RESPONSE:**

See the attached excerpts from the Initial Train Operator Training Handbook. WMATA objects to the extent this request seeks additional information because it is overly broad, irrelevant, burdensome, not limited in time, and not reasonable calculated to lead to the discovery of admissible evidence.

21. A copy of each safety regulation, standard operating procedure, or operations manual issued to Metrorail train operators, including a copy of each Handbook of Rules and Regulations, Manual of Rules, and any supplements or revisions

made to the foregoing.

**RESPONSE:**

See Response No. 20 and the attached excerpts from the Initial Train Operator Training Handbook. WMATA will make available for inspection and copying at a mutually convenient time.

22. A copy of each Notice of Operators relating to Metrorail train car doors and the "doors closing" warning chimes.

**RESPONSE:**

See Response No. 20 and the accompanying documents.

23. Documents sufficient to identify all maintenance inspectors and maintenance analysts with responsibilities relating to the Shady Grove Red Line Metrorail trains.

**RESPONSE:**

WMATA objects on grounds of overbreadth, burdensomeness, not limited in time, and not otherwise calculated to lead to discovery of admissible evidence.

24. Documents sufficient to show WMATA's preventive maintenance schedule relating to Metrorail train car doors and "doors closing" warning chimes.

**RESPONSE:**

See Response No. 3. WMATA will supplement this request when the appropriate scheduling information is received.

25. Documents sufficient to identify all inspections and compliance with WMATA's preventative maintenance schedule relating to Metrorail train car doors and

"doors closing" warning chimes for the Metrorail train at issue in this litigation.

**RESPONSE:**

See Response Nos. 3 and 24. WMATA objects in part to the extent this request is overly broad and burdensome and not limited to a reasonable time before and after the incident in issue.

26. Documents sufficient to identify all inspections and compliance with WMATA's preventative maintenance schedule relating to Metrorail train car doors and "doors closing" warning chimes for each train operating on the Shady Grove Red Line at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight.

**RESPONSE:**

See Response Nos. 3, 24, and 25.

27. All comment cards and all other recorded comments and complaints submitted at the Gallery Place Metro station on or about December 25, 2003.

**RESPONSE:**

Other than Plaintiff's, WMATA is unaware of any other complaints submitted at the Gallery Place Metro station on December 25, 2003. WMATA has not been able to locate the alleged comment card Plaintiff has referenced.

28. All expert reports, other materials or documents which were reviewed or relied upon, in whole or in part, by any expert you expect to call or may call to testify in this litigation at any time, including but not limited to summary judgment

proceedings, and trial.

**RESPONSE:**

WMATA has not yet contacted or retained any expert.

29. All documents, including, but not limited to, memoranda, correspondence, e-mails, and other communications, relating to the doors and "doors closing" warning chime of the Metrorail train at issue in the litigation.

**RESPONSE:**

See the attached excerpts from the Initial Train Operator Training Handbook and Response No. 20.

30. Documents sufficient to identify all persons responsible for the maintenance, inspection, or repair of the Metrorail train at issue in this litigation.

**RESPONSE:**

Maintenance, repairs, and inspections are handled by its Rail Car Maintenance Department. See Response Nos. 3 and 23.

31. Documents sufficient to identify all persons responsible for the maintenance, inspection, or repair of any Metrorail train operating on the Shady Grove Red Line at the Gallery Place Metro station on December 25, 2003 between the hours of 6:00 p.m. to midnight.

**RESPONSE:**

See Response Nos. 3, 23, and 30.

32. All documents relating to the doors of the Metrorail train at issue in this

litigation, including, but not limited to: (a) documents relating to the operation of the doors; (b) documents relating to the procedure for opening and closing the doors; and (c) documents relating to any safety measure, devise, mechanism, or procedure associated with the doors.

**RESPONSE:**

See the attached excerpts from the Initial Train Operator Training Handbook and Response Nos. 3, 23, and 30.

33. A copy of organizational charts or documents sufficient to identify all individuals with responsibility for training Metrorail operators on the Shady Grove Red Line, and all individuals with responsibility for maintenance, inspections, and repairs for the Shady Grove Red Line.

**RESPONSE:**

WMATA objects in that this request is overly broad and unduly burdensome. Training for its train operators is conducted out of WMATA's Rail Training Department. Rail trainers include Helen Brown and Clarissa Cannon. Furthermore, maintenance, repairs, and inspections are handled by WMATA's Rail Car Maintenance Department.

34. All documents relating to Marilyn Preston-Killingham.

**RESPONSE:**

WMATA objects to Request No. 34 on the grounds that it seeks information protected under the attorney-client privilege and work product of counsel and the claims

office. The only medical records WMATA has received relating to Plaintiff are those received from Plaintiff and/or her attorney. <u>See</u> <u>also</u> the attached Transit Police Event Report.

35.  Documents sufficient to show the forwarding address and contact information for former WMATA employee Robin McClelland.

**RESPONSE:**

Robin McClelland
10945 Two Sisters Lane
Dunkirk, Maryland 20754
(410) 286-8456 (home)
(703) 284-0380 (work)

36.  All documents relating to any claim file relating to the incident that is the subject of this Litigation, including but not limited to all documents relating to CLAIM #916679 AVR or Event Report 2003-41517, and any call logs, notes, or correspondence relating thereto.

**RESPONSE:**

WMATA objects on grounds of attorney-client privilege and the work product of counsel and the claims office. Without waiving these objections, <u>see</u> the attached documents.

37.  All documents you intend to use in support of your affirmative defenses in this litigation.

**RESPONSE:**

WMATA will identify its proposed exhibits in the pretrial statement as per the

12

Rules. See also the attached Exhibits.

38. Documents sufficient to show WMATA's policies and procedures relating to the safety of passengers with disabilities.

**RESPONSE**:

WMATA will supplement this request upon receipt of additional information. WMATA objects on grounds of overbreadth and burdensomeness.

39. All documents relating to any training or instruction that Metrorail train operators receive regarding the safety of passengers with disabilities.

**RESPONSE**:

See Response Nos. 33 and 38.

        Respectfully submitted,

        WASHINGTON METROPOLITAN AREA
        TRANSIT AUTHORITY

        */s/ Gerard J. Stief*
        Gerard J. Stief #925933
        Assistant General Counsel
        600 Fifth Street, N.W.
        Washington, D.C. 20001
        (202) 962-1463
        Attorney for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendant WMATA's Response to Plaintiff's Request for Production of Documents** was mailed, postage prepaid this 26TH day of March, 2007 to:

Patrick M. Bryan, Esq.
Eunnice H. Eun, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005

*Gerard J. Stief*
Gerard J. Stief