# Exhibit G

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Sean C. Abouchedid
To Call Writer Directly:
202 879-5051
sabouchedid@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 27, 2007

**Via First Class Mail**

Gerard J. Stief
Associate General Counsel
Washington Metropolitan Area Transit Authority
600 Fifth Street, NW
Washington, DC 20001

Re: *Preston-Killingham v. Washington Metropolitan Area Transit Authority*

Dear Gerry:

I write to summarize some of the issues discussed during our meet and confer conference of April 26th.

As an initial matter, however, we were distressed to learn from you that you have yet to undertake any effort to locate responsive documents and information for a substantial number, if not most, of Plaintiff's requests for documents. Indeed, during our meet and confer, you were unsure what types of responsive documents might be available, or whether responsive documents exist at all. This is particularly troubling given that Plaintiff's First Requests were served on January 29, 2007—nearly three months ago. We hope (and expect) that WMATA will be prepared to fulfill its obligations under the Federal Rules promptly.

As we discussed during our call, we have repeatedly narrowed the scope of our document requests to accommodate your (to date, unsupported) claim that the requests were overly broad. Although we had originally requested, among other documents, documents sufficient to identify the Metrorail train at issue in this case, the operator of that train, and all trains and operators operating on the Shady Grove Red Line between 6:00 p.m. and 12:00 a.m. on December 25, 2003, *see* Pl.'s First Req. for Docs. Nos. 2, 4, 6, 8, on March 9, we agreed to narrow the requested time frame to the period from 7:30 p.m. to 10:30 p.m. During our conversation, we again offered to narrow that time frame to the period from 8:00 p.m. to 10:30 p.m. Upon further consideration of this important issue, we agree to further narrow the requested time frame for Requests 6-10, 14, 16, 26, and 31 to the period from 9:00 p.m. to 10:30 p.m. on December 25, 2003. We are unwilling to consider any additional narrowing of our requests until we receive responsive documents from WMATA. Therefore, please produce documents and information responsive to the above-referenced requests as soon as possible.

Chicago    Hong Kong    London    Los Angeles    Munich    New York    San Francisco

**KIRKLAND & ELLIS LLP**

Gerard J. Stief
April 27, 2007
Page 2

     You agreed yesterday to send by facsimile the Train Interval Sheets for trains departing the Glenmont Metro station between 4:20 p.m. and 10:50 p.m. on December 25, 2003. We received your fax, and while the documents appear to list all of the trains and train operators in the requested time frame, you have still failed to produce any documents that specifically identify the train in which our client was injured and the operator of that train.

     Plaintiff has also requested documents and information related to the maintenance, inspection, and repair of the Metrorail train at issue, and of all Shady Grove Red Line trains operating between 7:30 p.m. and 10:30 p.m. on the evening of the incident. (*See* Pl.'s First Req. for Docs. Nos. 3, 7, 23, 24, 25, 26, 30, 31, 33.) Production of these records is crucial to moving this litigation forward. However, you indicated during our meet and confer session that you had not yet attempted to retrieve any of the requested records from storage. In addition, you were unable to estimate the volume of documents that we could expect to receive for each train. Ultimately, you proposed to produce responsive documents within 10 to 14 days for a train that arrived at Gallery Place Metro station at approximately 10:00 p.m. on the night of the incident, the two trains arriving before that train, and the two trains arriving after that train. As discussed above, we are willing to narrow our requests to the period from 9:00 p.m. to 10:30 p.m. Please advise whether WMATA will produce responsive documents accordingly.

     You requested additional time to consider WMATA's position with respect to a number of our discovery requests, and agreed to apprise us of your position (as well as your progress in searching for responsive documents) no later than the middle of next week. Those issues are outlined briefly below:

- With regard to personnel records and documents related to complaints and disciplinary action for the operator of the train at issue, and for the operators of all trains in the requested time frame (*see* Pl.'s First Req. for Docs. Nos. 5, 9), you questioned the relevance of the requests and raised the self-evaluative privilege. However, you failed to offer any basis for these objections. You then indicated that you would have to consider your objections further.

- With regard to WMATA employees on duty at Gallery Place Metro station on the night of the incident (*see* Pl.'s First Req. for Docs. No. 10), you indicated that you had still not determined the identities of the station managers, rail supervisors, or custodians present that night, but that you would continue your search. Once again, we are distressed that you have only just begun the process of locating documents responsive to this request. However, you indicated that you expected to produce this information shortly.

- With regard to personnel records reflecting violations of WMATA's substance abuse policy by the train operator and maintenance personnel for the train at issue, and for each train in the requested time frame (*see* Pl.'s

**KIRKLAND & ELLIS LLP**

Gerard J. Stief
April 27, 2007
Page 3

> First Req. for Docs. Nos. 13, 14, 15, 16), you argued that it would be a violation of federal law to produce responsive documents. However, you were unable to identify the applicable federal law and offered to provide us with the relevant citation at a later time. Please provide that citation at your earliest convenience.
>
> - With regard to WMATA's policies and procedures for processing and filing Metrorail rider complaints and "comment cards" (*see* Pl.'s First Req. for Docs. No. 11), you stated that you were unsure whether WMATA had a written policy on these issues and that you would look into the matter early next week.
>
> - With regard to prior instances of injury and property loss caused by Metrorail train doors and "doors closing" warning chimes (*see* Pl.'s First Req. for Docs. Nos. 18, 19), you initially claimed that the information requested was not relevant. However, you suggested that you would propose a compromise on these issues next week.
>
> - With regard to the training Metrorail train operators receive on the safe operation of train doors and "doors closing" warning chimes, and all other documents and communications related to the doors and chimes of the train at issue (*see* Pl.'s First Req. for Docs. Nos. 20, 22, 29, 32), you stated that you would make the Initial Train Operator Training Handbook and the Metrorail Safety Rules and Procedures Handbook available for copying. In addition, you agreed to continue searching for documents and information responsive to these requests.
>
> - With regard to documents relating to the Plaintiff and her claim file (*see* Pl.'s First Req. for Docs. Nos. 34, 36), you argued that the claims adjuster's notes are protected by the attorney-client privilege and/or the work product doctrine. As we discussed, we expect that WMATA will fulfill its obligations under the Federal Rules and provide an appropriate privilege log, so that we may evaluate your claims of privilege.
>
> - With regard to (1) WMATA's policies and procedures for investigating and processing complaints of physical injury and property loss by Metrorail passengers (*see* Pl.'s First Req. for Docs. No. 17); (2) WMATA's policies and procedures relating to the safety of disabled passengers (*see* Pl.'s First Req. for Docs. No. 38); and (3) the training Metrorail train operators receive regarding the safety of disabled passengers (*see* Pl.'s First Req. for Docs. No. 39), you asked for additional time to consider WMATA's objections and stated that you would contact us next week regarding your position.

**KIRKLAND & ELLIS LLP**

Gerard J. Stief
April 27, 2007
Page 4


    Finally, with regard to Plaintiff's First Set of Interrogatories, you indicated that you would review and reconsider each of your responses.

* * * * *

    As you know, the deadline for completing all discovery in this case is July 13, 2007. Consequently, any further delays on WMATA's part in responding to Plaintiff's First Requests would be highly prejudicial and leave Plaintiff in an untenable position. While we would prefer to resolve these issues cooperatively, if you are unable to respond adequately to our concerns by the middle of next week, we will be compelled to bring the matter to the attention of the Court. We therefore appreciate your immediate attention to these important issues and look forward to hearing from you no later than Wednesday, May 2nd.


                     Sincerely yours,

                       *[signature]*

                      Sean C. Abouchedid
                      Admitted only in New Jersey and
                      practice is supervised by principals of the
                      Firm


SCA/sjp