UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MARILYN PRESTON-KILLINGHAM,
        Plaintiff,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, a/k/a WMATA,
        Defendants.

Civil Action No. 06-00074 (AK)

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Marilyn Preston-Killingham's Motion for an Order Compelling Defendant to Answer Interrogatories and Requests for Production of Documents ("Motion") [29], Defendant WMATA's opposition to the Motion ("Opposition") [30], and Plaintiff's reply to the Opposition ("Reply") [31]. Plaintiff Marilyn Preston-Killingham ("Plaintiff") moves this Court for an Order compelling Defendant WMATA to produce documents responsive to Plaintiff's First Request for Production of Documents and Electronically Stored Information Requests Nos. 2-11, 13-26, 29-34, 36-39, and to answer Plaintiff's first set of Interrogatories Nos. 1-4 ("Plaintiff's Requests"). The Court held a hearing on this Motion on July 2, 2007. Upon consideration of the Motion, Memorandum in support thereof and Opposition thereto, and the record in this case, for the reasons set forth herein, the Plaintiff's Motion is Granted in part and Denied in part.

### I. Legal Standard

Fed. R. Civ. P. 26(b)(1) authorizes discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." "A showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one

is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984) (citing Fed. R. Civ. P. 26(b)(1)). Once a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable. *See Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 316, 325 (D.D.C. 2000).

Pursuant to Fed. R. Civ. P. 26(b)(2)(iii), the court may limit discovery on its own initiative, if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving those issues." *See Hammerman v. Peacock*, 108 F.R.D. 66, 67 (D.D.C. 1985) (Rule 26(b)(1) was amended to give the court the power, *sua sponte*, to limit discovery.) *See also United States v. Krizek*, 192 F.3d 1024, 1029 (D.C. Cir. 1999) (A trial court has considerable discretion over discovery matters); *Food Lion, Inc. v. United Food and Commercial Workers Int'l. Union,* 103 F.3d 1007, 1012 (D.C. Cir. 1997) ("[A] district court's decision to permit or deny discovery is reviewable only for an abuse of discretion.") (citation omitted).

## II. Analysis

Plaintiff, who uses a wheelchair, is suing for physical and emotional injury she suffered when she was allegedly trapped between the metrorail doors at the Gallery Place Metrorail Station on the evening of December 25, 2003, as she was attempting to exit the train. Simply stated, Plaintiff's theory of negligence against Defendant Washington Metropolitan Area Transit Authority ("WMATA") is twofold: 1) the WMATA train operator was negligent in his or her

operation of the doors of the train and/or 2) the doors of the WMATA train malfunctioned. Throughout her discovery requests, Plaintiff has requested information regarding metrorail trains arriving in the Gallery Place metro station [traveling in the direction from Glenmont to Shady Grove] on December 25, 2003, during an extended period of time. WMATA contends that these requests should be confined in time to the period of 9:55 p.m. through 10:05 p.m. on December 25, 2003, because the incident involving Plaintiff occurred within 5 minutes before or after 10:00 p.m. on that date. In pinpointing the time of the incident, WMATA relies upon record evidence including: the time indicated on the Transit Police Event Report; deposition testimony of the officer who wrote the report; the Washington Hospital Center medical records where the Plaintiff herself gave the time of the incident; and the WMATA Maintenance and Reliability Incident Report. (Opposition at 2-3.)[1] For purposes of discovery ordered in this Memorandum Order, the Court finds that the trains at issue are the five trains for which the parties agree that WMATA has provided maintenance records [Trains Nos. 110, 101, 102, 103, and 104] as well as the three additional trains, which were discussed at the hearing [Trains Nos. 108, 202, and 109]. Defendant WMATA is instructed to provide maintenance records for these three additional trains in response to Plaintiff's Document Requests Nos. 3, 7, 23-26, and 29-33.

      Defendant WMATA is further instructed to provide Plaintiff with a listing of the names of the operators of these eight trains, indicating [by number] which train they operated and also

---

[1] At the hearing, Plaintiff's counsel noted that Plaintiff does not recollect the time when the incident occurred but her traveling companion proffered deposition testimony that the incident occurred around 8:00 p.m. on December 25, 2003. The Plaintiff suggests that Defendant respond to the discovery requests by utilizing a 9:00 p.m. through 10:30 p.m. period of time. Plaintiff points to no record evidence that contradicts WMATA's conclusion that the incident occurred shortly before, at, or shortly after 10:00 p.m.

whether these persons are current employees of WMATA, and if not, whether WMATA would be willing to produce these persons for deposition. Defendant's counsel is directed to confer with Plaintiff's counsel, as necessary, to clarify any confusion in the interpretation of the train schedule records produced by WMATA. The aforementioned information correlates with information requested pursuant to Document Requests Nos. 2, 4, 6 and 8.

The Court denies without prejudice Plaintiff's request for personnel records, on grounds that such records are both confidential and further, a request for records of all eight train operators is overly broad and irrelevant. If the Plaintiff is able to determine the operator of the train in question, Plaintiff may renew her request for personnel records for that individual. This personnel record information is encompassed within Document Requests Nos. 5, 9, and 13-16.

At the hearing, counsel for WMATA represented to the Court that the only documents that have been withheld from production in this matter are documents in the WMATA claims file. WMATA states that these documents are protected work product used for the purpose of claims adjustment. The Court finds these claims file documents to be protected work product, which need not be produced. These documents are the subject of Document Requests Nos. 17, 34, and 36.

At the hearing, WMATA agreed to produce any policy manuals addressing policies relating to passengers with disabilities and policies or rules describing operation of the Metrorail doors. These manuals are responsive to Document Requests Nos. 20, 21, 22, 38 and 39, and Interrogatories Nos. 3 and 4. The Court also instructs Defendant to explain the "dwell times" noted on the documents provided by WMATA.

The remaining contested document requests and interrogatories were not specifically

addressed during the hearing but will be addressed briefly herein.  Interrogatories Nos. 1 and 2 ask WMATA to describe the basis for two of its defenses: 1. sovereign/governmental immunity and 2) contributory negligence or assumption of risk.  Similarly, Document Request No. 37 seeks documents supporting these affirmative defenses.  The Court finds WMATA's responses to these discovery requests to be adequate for purposes of discovery.   In response to Document Requests Nos. 8 and 10, asking for identification of any WMATA employees on duty at the time of the incident, WMATA asserts that it has provided the Station Manager's Log and further information regarding custodians who may have been on duty, and that it continues to  search for other employees.  The Court finds this response to be sufficient.  Plaintiff's Document Request No. 11 seeks documents explaining the procedures for handling Metrorail rider complaints, including maintenance of "comment cards."  WMATA asserts that it has provided the only responsive document of which it is aware.  The Court also finds this response to be sufficient because Defendant cannot produce documents that do not exist.  The Court denies Plaintiff's request for documents relating to passenger complaints regarding injury or loss sustained when Metrorail doors closed on any person [Document Requests Nos. 18 and 19] on grounds that Plaintiff has not demonstrated that this information is relevant to her claim nor has she limited her requests in time or scope.

    At the hearing, counsel for WMATA noted that there may be some contested issues relating to Plaintiff's responses to WMATA's discovery requests.  The parties are strongly encouraged to meet and confer to work together to resolve contested discovery issues prior to bringing these issues to the Court's attention.  In the event that there are unresolved discovery issues, the parties may contact the Court informally to attempt to resolve such disputes before

filing a motion to compel.  It is 9th day of July, 2007, accordingly

ORDERED that Plaintiff Marilyn Preston-Killingham's Motion for an Order Compelling Plaintiff to Answer Interrogatories and Requests for Production of Documents [29] be and hereby is Granted in part and Denied in part.  Within 15 days from the date of this Memorandum Order, WMATA will provide Plaintiff with: maintenance records for three additional trains [Trains Nos. 108, 202, and 109]; a list of the names of the operators of the eight trains, indicating which train they operated and whether they are current WMATA employees or otherwise will be produced by WMATA for deposition; policy manuals addressing policies and rules relating to disabled passengers and the operation of the Metrorail doors, as well as an explanation of the "dwell times" noted on the documents provided by WMATA.  Defendant need not produce personnel files nor documents in its claims file.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE